IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR466 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ROBERT NATHANIEL ANDRE | ) | |
| THOMAS, III, | ) | **REPORT AND RECOMMEN-** |
| | ) | **DATION RE DEFENDANT'S** |
| Defendant. | ) | **CHANGE OF PLEA** |

Pursuant to General Order 99-49, the District Judge referred this case to me to receive with the consent of the parties defendant Robert Nathaniel Andre Thomas, III's offer of a plea of guilty, to conduct the plea colloquy prescribed by Fed. R. Crim. P. 11, to cause a verbatim record of the proceedings to be prepared, to refer the matter, if appropriate, for presentence investigation, and to submit a report and recommendation stating whether Thomas's plea of guilty should be accepted and a finding of guilty entered.[1] Accordingly, on March 21, 2022, Thomas, accompanied by his lawyer, Jeffrey P. Saffold, Esq., proffered a plea of guilty to count one and count seven of the indictment against him filed on June 10, 2021.[2] Assistant United States Attorney Brad J. Beeson was present on behalf of the government. Prior to the change of plea hearing, Thomas and counsel

---

[1] ECF #60.
[2] ECF #13.

consented to conducting this hearing before me.[3] I conducted this hearing via Zoom videoconferencing. Thomas and counsel also consented to proceeding in this manner.

Upon consideration of the change of plea hearing and the information proffered to me during it, I make the following findings:

1. Given the current pandemic and the required restrictions it has imposed on the Judiciary and the parties who appear before me, I find that the proceedings in this case cannot be further delayed without causing serious harm to the interests of justice. For this reason, I conducted the change of plea hearing with Thomas and counsel present and participating by videoconferencing.

2. Before Thomas offered his plea of guilty, I examined him as to his competency, advised him of the charges and consequences of conviction, informed him that the Court will be required to give consideration to the Federal Sentencing Guidelines and of the possibility of a departure from the Guidelines, notified him of his rights associated with a trial in this case, advised him that he waives those trial rights by pleading guilty except the right to counsel, and otherwise provided Thomas with the information prescribed in Fed. R. Crim. P. 11.

3. Counsel reported that the parties had entered into and signed a written plea agreement. AUSA Beeson summarized its terms, and Attorney Saffold agreed to that summary. I further reviewed the plea agreement's terms with Thomas, who acknowledged that he understood its terms and that he had agreed to them. Counsel advised me that, aside

---

[3] ECF #68.

from this written plea agreement and written addenda to it, if any, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties in conjunction with this case or Thomas's decision to change his plea.

4. I questioned Thomas under oath about the knowing, intelligent, and voluntary nature of the plea of guilty. He demonstrated and confirmed for me that he was offering his plea of guilty knowingly, intelligently, and voluntarily; and that he is competent to do so.

5. Counsel provided me with sufficient information about the offense charged in count one and count seven of the indictment and Thomas's criminal conduct to establish a factual basis sufficient for Thomas's guilty plea. Thomas acknowledged this factual basis, and no objections were raised to the information provided.

In light of the foregoing and the record created in conjunction with the change of plea hearing, I find that Thomas's plea of guilty to each of count one and count seven of the indictment pursuant to the terms of a written plea agreement and written addenda to that agreement, if any, was knowing, intelligent, and voluntary. I further find that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Accordingly, I recommend that Thomas's plea of guilty to the indictment be accepted and a finding of guilty be entered by the Court.

Dated: March 22, 2022                 s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation. To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation. If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it. If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.